UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LOREN WAYNE TIDWELL, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-484-JD-MGG |
| ROBERT CARTER, et al., | |
| Defendants. | |

OPINION AND ORDER

Loren Wayne Tidwell, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 2.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Tidwell's complaint is somewhat difficult to decipher, but it can be discerned that he is complaining about the lack of medical care he received at Indiana State Prison ("ISP"). He claims that he suffers from a hernia and other medical problems, and that Dr. Nancy Marthakis prescribed pain medications for the hernia, one of which caused constipation as a side effect. He claims that he brought this problem to Dr. Marthakis' attention multiple times over the course of several months, but she did not change his medication or otherwise address the issue. His constipation became worse. On a date in late November 2019, he was experiencing crippling stomach pain, and was seen by Nurse Tiffany Turner and Nurse Jacqueline Monaco in the prison infirmary. He claims that they would not give him any medical treatment for his constipation and stomach

pain, and instead accused him of being under the influence of drugs. He states that he was not under the influence of any drugs. Nevertheless, these two nurses proceeded to administer Narcan, a drug given for opioid overdose. He claims this medication caused him to be up all night vomiting. Two days later, Tidwell was significantly worse, and was taken to an outside hospital, where he underwent emergency surgery to remove a bowel obstruction. Based on these events, he seeks monetary damages from Dr. Marthakis, Nurse Turner, and Nurse Monaco, as well as Wexford Health Sources ("Wexford"), Indiana Department of Correction Commissioner Robert Carter, ISP Warden Ron Neal, and Officer J. Whalen, a grievance specialist at ISP.

Under the Eighth Amendment, prisoners are entitled to adequate medical care. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would recognize as needing a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay

2

exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted).

Giving Tidwell the inferences to which he is entitled at this stage, he has alleged a plausible Eighth Amendment claim against Dr. Marthakis, Nurse Turner, and Nurse Monaco. Specifically, he alleges that he told these defendants he was experiencing significant stomach pain and constipation, but they did not take the matter seriously. As a result, he experienced pain and suffering, and ultimately had to undergo emergency surgery. As to Nurse Turner and Nurse Monaco, he also alleges that they wrongfully assumed he was under the influence of drugs and gave him a medication he did not want or need, causing him further suffering. He will be permitted to proceed against these defendants.

He also names Wexford, a private company that provides medical staff at the jail. A private company may be held liable for constitutional violations when it performs a state function. *See Hildreth v. Butler*, 960 F.3d 420, 422 (7th Cir. 2020). However, there is no general *respondeat superior* liability under section 1983, and Wexford cannot be held liable solely because it employs Dr. Marthakis or the two nurses involved in Tidwell's care. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a state function can also be held liable to the same extent as a state actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Yet there is nothing in the complaint from which it can be plausibly inferred that Wexford had an official policy or custom of providing

3

inadequate care to inmates. Instead, Tidwell describes an injury caused by the individual failings of medical staff providing his care. He has not alleged a plausible constitutional claim against this corporate defendant. He also sues the Warden of ISP and the IDOC Commissioner, but there is nothing in the complaint to suggest that they were personally involved in Tidwell's medical care. They cannot be held liable solely because they oversee operations within IDOC or supervise other prison staff. *J.K.J.*, 960 F.3d at 377; *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Accordingly, these defendants will be dismissed.

As for Officer Whalen, the only allegations against him are that he mishandled the grievances Tidwell filed after his return from the hospital. This does not give rise to a constitutional claim. *Daniel v. Cook Cty.*, 833 F.3d 728, 736 (7th Cir. 2016). The Constitution does not require that jails or prisons provide a grievance procedure at all, nor does the existence of a grievance procedure create any constitutionally guaranteed rights. *Id.* Tidwell does not allege, nor is there any basis to infer, that Officer Whalen's actions somehow contributed to his medical injury or prevented him from obtaining needed medical care. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Accordingly, he will be dismissed as a defendant.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Dr. Nancy Marthakis, Nurse Tiffany Turner, and Nurse Jacqueline Monaco in their personal capacities on a claim for monetary damages under the Eighth Amendment for failing to provide adequate treatment for plaintiff's constipation and stomach pain;

(2) DISMISSES all other claims;

(3) DISMISSES Robert Carter, Wexford Health Sources, Ron Neal, and Officer J. Whalen as defendants;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Dr. Nancy Marthakis, Nurse Tiffany Turner, and Nurse Jacqueline Monaco, and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, to the extent this information is available;

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Nancy Marthakis, Nurse Tiffany Turner, and Nurse Jacqueline Monaco to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 13, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT