UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LOREN WAYNE TIDWELL,

    Plaintiff,

    v.

NANCY B. MARTHAKIS, et al.,

    Defendants.

CAUSE NO. 3:20-CV-484-JD-MGG

OPINION AND ORDER

Loren Wayne Tidwell, a prisoner without a lawyer, is proceeding in this case "against Dr. Nancy Marthakis, Nurse Tiffany Turner, and Nurse Jacqueline Monaco in their personal capacities on a claim for monetary damages under the Eighth Amendment for failing to provide adequate treatment for plaintiff's constipation and stomach pain[.]" ECF 6 at 4. Specifically, Tidwell alleged in his complaint that he received inadequate medical care at Indiana State Prison ("ISP") for stomach pain, which resulted in him being taken to an outside hospital in November 2019 for emergency surgery to remove a bowel obstruction. ECF 2. The defendants moved for summary judgment, arguing Tidwell did not exhaust his administrative remedies before filing suit. ECF 29. Tidwell filed a response. ECF 46. The defendants have not filed a reply, and the time for doing so has expired. In addition to his response, Tidwell also filed a motion for "summary of judgement," arguing he exhausted his remedies. ECF 28. The defendants filed a response in opposition to Tidwell's motion for "summary of judgement". ECF 39.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis

added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, a prisoner can be excused from exhausting if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). Accordingly, "exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance." *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016).

In their summary judgment motion, the defendants argue Tidwell did not exhaust his administrative remedies because he did not attempt to file a formal grievance until February 28, 2020, and did not show good cause for the delay. ECF 30. The defendants attach a copy of Tidwell's February 28, 2020, grievance, which the grievance office returned as untimely. ECF 31-1 at 27, 29.

Tidwell does not dispute that a grievance process was in place, that his claims were grievable, or that he did not timely file a grievance. Instead, Tidwell argues the grievance remedies were unavailable to him because he was denied access to the grievance process from November 17, 2019, until late February 2020. ECF 46. Tidwell breaks his argument into three steps. First, Tidwell argues he could not access the

3

grievance process between November 17, 2019, and November 27, 2019, because he was vomiting continuously, was in "agonizing pain to where writing was impossible," and was waiting for responses to informal grievances he had submitted. *Id.* at 3-4. Second, Tidwell argues the grievance process was unavailable between November 27, 2019 and December 6, 2019, because he was hospitalized at Franciscan Hospital. *Id.* at 5. Because the defendants do not dispute any of these contentions, the court accepts as undisputed that the grievance process was unavailable to Tidwell between November 17, 2019, and December 6, 2019.

Third, Tidwell argues the grievance process was unavailable from December 6, 2019, until February 28, 2020, because he was moved to the infirmary at Miami Correctional Facility ("MCF") to recover from surgery and did not have access to ISP's grievance system. *Id.* at 5-7. Specifically, Tidwell asserts that, while recovering from surgery at MCF, he "had to wait after holidays to get in touch with" MCF's Grievance Specialist Shawna Morson so she could help him access ISP's grievance system. *Id.* at 6. Tidwell asserts that, once he got in touch with Morson, Morson tried on three occasions to get in touch with ISP's Grievance Specialist Joshua Wallen but did not receive any response for almost two months. *Id.* at 6-7. Eventually, Morson informed Tidwell on February 25, 2020, that she had "contacted Officer Wallen from your previous facility concerning the medical issues you state you were trying to grieve prior to leaving," and that Walton replied he "wouldn't be able to process it due to the time frame and remaining consistent." *Id.* at 6; ECF 46-3 at 5. Tidwell obtained an ISP grievance form from Morson on February 27, 2020, and submitted it the next day. ECF 46 at 6-7. These

4

assertions show Tidwell was denied access to ISP's grievance procedures from December 6, 2019, until February 28, 2020. Because the defendants have not responded to any of these assertions, the court accepts as undisputed that ISP's grievance process was unavailable to Tidwell from December 6, 2019, until February 28, 2020.

Here, because the defendants have not responded to Tidwell's assertions he was denied access to the grievance process, they have not carried their burden of proving Tidwell did not exhaust his administrative remedies. *See King*, 781 F.3d at 893; *Woodford*, 548 U.S. at 102; *Hill*, 817 F.3d at 1041. For these reasons, the defendants' motion for summary judgment (ECF 29) is **DENIED**. Tidwell's motion for "summary of judgement" (ECF 28) is **GRANTED** to the extent he requests the court reject the defendants' exhaustion defense.

SO ORDERED ON July 6, 2021.

/s/JON E. DEGUILIO
Chief Judge
United States District Judge