UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LOREN WAYNE TIDWELL,

Plaintiff,

v.                                                          CAUSE NO. 3:20-CV-484-MGG

NANCY B. MARTHAKIS, et al.,

Defendants.

OPINION AND ORDER

Loren Wayne Tidwell, a prisoner without a lawyer, filed a second amended

complaint against three defendants. ECF 57. "A document filed *pro se* is to be liberally

construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C.

§ 1915A, the court must review the merits of a prisoner complaint and dismiss it if the

action is frivolous or malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief against a defendant who is immune from such relief.

Tidwell alleges essentially the same facts as he did in his original and amended

complaints. ECF 2, ECF 55. He asserts that from July 2018, through November 2019,

while he was housed at the Indiana State Prison, he told the medical staff that he was

suffering from excruciating pain in his stomach, hernia, legs, and lower back. ECF 57 at

3. Dr. Marthakis treated him by changing his pain medication from saline codeine to

Cymbalta and Mobic, but the new medication did not help him and caused him to have

severe dizziness, blackouts, body cramps, and constipation. *Id*. at 3-4. He submitted multiple healthcare requests documenting his difficulties with the medication Dr. Marthakis prescribed and his need for different medication or treatment, possibly an MRI or surgery (as had been recommended by a neurosurgeon). *Id*. In one healthcare request form, Tidwell reported that his pain would not go away, he could hardly sleep, and at times he wished he would die. *Id*. at 4. Despite bringing this problem to Dr. Marthakis's attention multiple times, she did not change his medication or treatment, or otherwise address the issue. *Id*.

From November 17, 2019 through November 27, 2019, Tidwell became very ill because he was having severe stomach pain, could not have a bowel movement, and was vomiting food, water, urine, and waste. *Id*. at 4-5. Dr. Marthakis, Nurse Tiffany Turner, and Nurse Jacqueline Monaco saw him on several occasions during this ten-day period, but on each occasion they rudely dismissed him and misdiagnosed his condition because they believed he was high and not sick. *Id*. at 5. Nurses Turner and Monaco wanted Tidwell to admit he was high before they would consider treating him. *Id*. On one occasion, Nurse Turner administer two Narcan mist shots into Tidwell's nose because he would not admit to being high, which caused him to have acid reflux, vomiting, and to become severely ill. *Id*. At other times, he was housed in an observation cell overnight where he had no heat and would be sent back to his housing unit the next day. *Id*. On November 27, 2019, the nursing staff finally took his complaints seriously and he was given an x-ray, which showed he had a bowel obstruction. *Id*. He was immediately sent to the hospital for emergency surgery where

the bowel obstruction was removed, and his hernia was repaired. *Id*. On December 6, 2019, Tidwell returned to the prison where he was housed in the infirmary until March 20, 2020. *Id*. at 5-6.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Giving Tidwell the inferences to which he is entitled at this stage of the proceedings, he has alleged plausible Eighth Amendment claims against Dr. Marthakis, Nurse Turner, and Nurse

Monaco for failing to provide him with constitutionally adequate medical treatment for his constipation and stomach pain, from July 2018 through November 2019, in violation of the Eighth Amendment.[1]

Tidwell's second amended complaint may also include a state law claim for medical malpractice against the defendants. ECF 57 at 6. Medical malpractice claims are governed solely by the Indiana Medical Malpractice Act. *Jeffries v. Clark Mem'l Hosp.*, 832 N.E.2d 571, 573 (Ind. Ct. App. 2005). "Before a medical malpractice action may be commenced in any court of [Indiana], the Medical Malpractice Act requires that a proposed complaint be presented to a medical review panel and an opinion rendered by the panel." *H.D. v. BHC Meadows Hosp., Inc.*, 884 N.E.2d 849, 853 (Ind. Ct. App. 2008); Ind. Code § 34-18-8-4. Tidwell offers no indication that he complied with the Indiana Medical Malpractice Act. Therefore, he cannot proceed on this claim.

As a final matter, Defendants have moved to strike Tidwell's second amended complaint asserting that it is untimely because he did not file it by the November 5, 2021, due date. ECF 58 at 3. However, on November 5, 2021, Tidwell attempted to timely file his second amended complaint, but could not do so because the law library was closed. ECF 59 at 4. He has thus demonstrated good cause for the late filing, and in the interests of justice, his second amended complaint will be deemed timely filed.

---

[1] Tidwell also asserts that the defendants violated his Fourteenth Amendment rights when they failed to provide him with adequate medical treatment. ECF 57 at 1. However, because Tidwell is a convicted prisoner who is serving a sentence, his claim is governed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Because Tidwell's second amended complaint alleges essentially the same facts as his original and amended complaints, he will proceed on the same claim he was granted leave to proceed on previously.

For these reasons, the court:

(1) DENIES Defendants' Motion to Strike Plaintiff's Second Amended Complaint (ECF 58);

(2) GRANTS Loren Wayne Tidwell leave to proceed against Dr. Nancy Marthakis, Nurse Tiffany Turner, and Nurse Jacqueline Monaco in their individual capacities for compensatory and punitive damages for failing to provide constitutionally adequate medical treatment for his constipation and stomach pain, from July 2018 through November 2019, in violation of the Eighth Amendment.

(3) DISMISSES all other claims; and

(4) GRANTS the defendants until **March 14, 2022**, to seek leave to amend their answer, if they deem it necessary in light of the amendment.

SO ORDERED on February 16, 2022

s/ Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge