UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LOREN WAYNE TIDWELL,

Plaintiff,

v.                                                        CAUSE NO. 3:20-CV-484-MGG

NANCY B. MARTHAKIS, et al.,

Defendants.

OPINION AND ORDER

Loren Wayne Tidwell, a prisoner without a lawyer, is proceeding in this case

"against Dr. Nancy Marthakis, Nurse Tiffany Turner, and Nurse Jacqueline Monaco in

their individual capacities for compensatory and punitive damages for failing to

provide constitutionally adequate medical treatment for his constipation and stomach

pain, from July 2018 through November 2019, in violation of the Eighth Amendment[.]"

ECF 73 at 5. Specifically, Tidwell alleged the defendants failed to address his complaints

that his medications were causing stomach pain and constipation between July 2018

and November 2019, and misdiagnosed his bowel obstruction in November 2019

because they believed he was intoxicated rather than sick. *Id.* at 1-3. The defendants

filed a motion for summary judgment, arguing they provided constitutionally adequate

medical treatment for Tidwell's conditions. ECF 104. Tidwell filed a response, and the

defendants filed a reply. ECF 111; ECF 117. Tidwell then filed an unauthorized sur-

response. ECF 120.[1] The summary judgment motion is now fully briefed and ripe for

ruling.

Summary judgment must be granted when "there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." Federal

Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the

evidence is such that a reasonable [factfinder] could [find] for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v.

Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly

supported summary judgment motion may not rely merely on allegations or denials in

its own pleading, but rather must "marshal and present the court with the evidence she

contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th

Cir. 2010).

Under the Eighth Amendment, inmates are entitled to adequate medical care.

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy

both an objective and subjective component by showing: (1) his medical need was

objectively serious; and (2) the defendant acted with deliberate indifference to that

medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To be held liable for deliberate

---

[1] Northern District of Indiana Local Rule 56-1 provides an opportunity for only a single response and prohibits the filing of additional briefs without leave of court. N.D. Ind. L. R. 56-1(d). Nevertheless, the court has reviewed the contents of Tidwell's sur-response, and concludes the arguments raised in the sur-response have no impact on the disposition of this case.

indifference to an inmate's medical needs, a medical professional must make a decision

that represents "such a substantial departure from accepted professional judgment,

practice, or standards, as to demonstrate that the person responsible actually did not

base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Furthermore, a prisoner is not entitled to demand specific care, nor is he entitled

to the "best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). "Whether

and how pain associated with medical treatment should be mitigated is for doctors to

decide free from judicial interference, except in the most extreme situations." *Snipes v.*

*DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). Where the defendants have provided some level

of care for a prisoner's medical condition, in order to establish deliberate indifference

the prisoner must show that "the defendants' responses to [his condition] were so

plainly inappropriate as to permit the inference that the defendants intentionally or

recklessly disregarded his needs." *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). A

mere disagreement with medical professionals about the appropriate treatment does

not amount to an Eighth Amendment violation. *Ciarpaglini v. Saini*, 352 F.3d 328, 331

(7th Cir. 2003).

The parties provide evidence showing the following facts: During his

incarceration at Indiana State Prison, Tidwell saw Dr. Marthakis regularly for chronic

care visits related to various conditions, including chronic back pain. ECF 106-1 at 18;

ECF 106-5 at 6. On July 18, 2018, Tidwell was seen in sick call and requested that he

receive a different medication other than Cymbalta for his back pain. ECF 106-1 at 14-

15. On August 1, 2018, Tidwell had a chronic care visit with Dr. Marthakis. ECF 106-1 at

18-21. He was negative for abdominal pain and vomiting, and did not report any constipation. *Id.* His medication regimen was adjusted to include Aspirin, Hydrochlorothiazide, Lisinopril, Meclizine, Mobic, and Zocor. *Id.*

On August 10, 2018, Tidwell submitted a healthcare request regarding pain from an inguinal hernia. ECF 7-2 at 43. On August 20, 2018, Tidwell was seen by a non-party nurse for his hernia. ECF 106-1 at 22-24. He was referred to a provider and told to follow up in sick call if his pain worsened. *Id.*

On August 24, 2018, Dr. Marthakis saw Tidwell for his inguinal hernia pain. ECF 106-1 at 25-27. Tidwell was negative for nausea, abdominal tenderness, and vomiting, and did not report any constipation. *Id.* Dr. Marthakis ordered a hernia guard and prescribed Mobic. *Id.*

On October 19, 2018, Tidwell was seen by Dr. Marthakis for a chronic care visit. ECF 106-1 at 31-34. He was negative for abdominal tenderness, nausea, and vomiting, and did not complain of constipation. *Id.*

On December 3, 2018, Tidwell was seen by Nurse Lunde for his annual nurse wellness encounter. ECF 106-1 at 40-41. He denied any black or tarry stools. *Id.*

On January 3, 2019, Tidwell submitted a healthcare request stating he had stopped taking Cymbalta because it caused dizziness and constipation. ECF 7-2 at 45. In response, Tidwell was told these issues would be addressed at his upcoming chronic care visit. *Id.*

On January 22, 2019, Tidwell was seen by Dr. Marthakis for a chronic care visit. ECF 106-1 at 42-45. He was negative for abdominal distention, abdominal pain, nausea,

4

or vomiting. *Id.* His medication regimen was adjusted to include Aspirin, Hydrochlorothiazide, Lisinopril, Meclizine, extra-strength Tylenol, and Zocor. *Id.* He received injections of Solumedrol and Toradol for pain. *Id.*

On March 12, 2019, Tidwell received a hemoccult test to check for hidden blood in his stools, which yielded negative results. ECF 106-1 at 51.

On April 2, 2019, Dr. Marthakis saw Tidwell for his back pain. ECF 106-2 at 8-11. He did not complain of constipation. *Id.* He received a Solumedrol injection for his pain and 7.5 mg of Mobic QD was added to his medication regimen. *Id.*

On April 25, 2019, Dr. Marthakis saw Tidwell for his back and leg pain. ECF 106-2 at 12-14. Tidwell reported constipation, but was negative for nausea, vomiting, fecal incontinence, chills, fever, edema, and urinary incontinence. *Id.* To address Tidwell's complaint of constipation, Dr. Marthakis adjusted his medication regimen so Mobic was taken twice a day with food. *Id.*

On July 16, 2019, Dr. Marthakis saw Tidwell at a chronic care visit. ECF 106-3 at 10-13; ECF 106-6. He again complained of constipation, but had no complaints of nausea, abdominal pain, fever, jaundice, chills, diaphoresis, or vomiting. *Id.* Dr. Marthakis prescribed Colace for his constipation. *Id.* Moreover, Dr. Marthakis instructed Tidwell to purchase over-the-counter antacids, milk of magnesia, Zantac, or Pepto from commissary as needed. ECF 106-5 at 4.

On November 18, 2019, Nurse Turner saw Tidwell for complaints of constipation. ECF 106-3 at 28-31; ECF 106-6 at 5. Nurse Turner offered him magnesium citrate, which he refused to drink. *Id.* Tidwell started acting bizarre and slurring his

5

speech, and admitted to having used amphetamines, spice, and opium. *Id.* Therefore,

Nurse Turner administered two mists of Nasal Narcan. *Id.* Tidwell became agitated and

started to yell, and was therefore removed from the nurses station by custody officers

and placed into a medical observation cell. *Id.* The next day, he was examined by Nurse

Monaco and discharged in stable condition. *Id.*; ECF 106-4 at 2-4.

On November 26, 2019, Nurse Turner saw Tidwell for complaints of nausea and

vomiting. ECF 106-4 at 5-9; ECF 106-6 at 5-6. She was unable to obtain his vitals due to

erratic behavior. *Id.* He again appeared to be under the influence of amphetamines and

admitted to using amphetamines and spice daily. *Id.* He began screaming and cussing

at Nurse Turner to give him antacids, and was therefore placed back in a medical

observation cell. *Id.*

On November 27, 2019, Nurse Monaco saw Tidwell to discharge him from

medical observation. ECF 106-4 at 12-14; ECF 106-7 at 6. He reported he could not keep

down food or water. *Id.* Nurse Monaco used an emergency abdominal pain nursing

protocol, provided him Zofran, and held him in observation for another hour to watch

for improvements. *Id.* Approximately an hour later, Nurse Turner saw Tidwell in sick

call, where he reported he had not had a bowel movement in twelve days. ECF 106-4 at

15-18; ECF 106-6 at 6; ECF 106-7 at 6. Upon examination, his abdomen was firm and he

had hypoactive bowel sounds. *Id.* Nurse Turner contacted Nurse Thews, who ordered a

straight catheterization, urine analysis, and an x-ray to rule out a small bowel

obstruction. *Id.* She then gave verbal orders to send Tidwell to the emergency room for

a possible small bowel obstruction. *Id.* He was sent to the hospital shortly thereafter,

and treated for a small bowel obstruction. *Id.* Because neither party disputes these facts, the court accepts them as undisputed.[2]

The defendants argue summary judgment is warranted in their favor because they provided constitutionally adequate treatment for Tidwell's complaints of constipation and stomach pain. Specifically, Dr. Marthakis attests that Tidwell's constipation and stomach pain were not chronic in nature, and that he was examined and provided appropriate treatment on each occasion he complained of these conditions. ECF 106-5 at 7. Here, the undisputed facts support Dr. Marthakis' attestation, as it is undisputed that: (1) Tidwell first complained his medications were causing constipation in January 2019, and Dr. Marthakis responded by altering his medication regimen; (2) Tidwell next complained of constipation on April 25, 2019, and Dr. Marthakis ordered he receive Mobic twice a day with food; (3) Tidwell next complained of constipation on July 16, 2019, and Dr. Marthakis prescribed him Colace and instructed him to purchase additional medications through the commissary as needed; (4) Tidwell next complained of constipation at a nurse visit on November 18, 2019, and was offered magnesium citrate which he refused; (5) Tidwell next complained of constipation and stomach pain on November 26, 2019, and was held in a medical observation cell and provided emergency abdominal pain protocols and Zofran; and (6) Tidwell last complained of constipation and stomach pain on November 27, 2019, and

---

[2] Tidwell attests he "dispute[s] most of Defendants' 'Statement of Material Facts'" (ECF 111-1 at 3), but he does not identify which facts he disputes or provide any facts of his own that conflict with the defendants' facts. Tidwell's vague assertion that he disputes the defendants' facts is insufficient to create a genuine dispute. *See Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations").

was provided an x-ray of his abdomen and sent to the emergency room where he was treated for a bowel obstruction. Thus, because it is undisputed the defendants consistently provided treatment for Tidwell's complaints of constipation and stomach pain, the burden is on Tidwell to show this treatment was "plainly inappropriate." *See Hayes*, 546 F.3d at 524.

In his response, Tidwell raises two arguments in this regard. First, Tidwell argues the defendants did not provide appropriate treatment for his stomach pain and constipation because he eventually developed a "life-threatening illness" that required emergency surgery. ECF 111 at 4-5. But the fact that Tidwell eventually required surgery, by itself, does not show the defendants' treatment decisions were plainly inappropriate. Specifically, there is no evidence there were other available treatments that would have eliminated the need for surgery. Moreover, even assuming the defendants misdiagnosed or failed to recognize the severity of Tidwell's conditions, this is insufficient to show deliberate indifference. *See Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (holding that negligence, incompetence, and medical malpractice do not amount to deliberate indifference). The defendants provided several treatment options for Tidwell's complaints, including prescribing Colace, attempting to provide magnesium citrate, and instructing him to purchase over-the-counter antacids and laxatives, and there is no evidence these treatments were "so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *See Hayes*, 546 F.3d at 524.

Second, Tidwell argues he submitted discovery requests and "attempted to secure documents" which would have shown the defendants failed to treat known medical issues, but was unable to obtain these documents. ECF 111 at 2; ECF 111-1 at 2. However, to survive on summary judgment, Tidwell cannot merely speculate what the evidence should have shown, but rather must "marshal and present" that evidence to the court. *See Goodman*, 621 F.3d at 654. Moreover, Tidwell does not even identify or describe the contents of these missing documents. He provided numerous grievances, healthcare requests, and medical records to the court with his complaint (ECF 7-2 at 33-69), was able to request and obtain numerous documents in discovery (ECF 74-77; ECF 82-98), and filed a motion to compel additional discovery which was granted in part (ECF 100; ECF 110; ECF 115; ECF 116). Tidwell does not explain what additional facts these missing documents would have shown or provide any basis for reopening discovery under Fed. R. Civ. P. 56(d)(2).

Thus, because it is undisputed the defendants provided treatment on each occasion Tidwell complained of constipation or stomach pain, and Tidwell provides no evidence this treatment was plainly inappropriate, no reasonable jury could conclude the defendants provided constitutionally inadequate treatment for Tidwell's complaints. Summary judgment is therefore warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 104); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Loren Wayne Tidwell and to close this case.

SO ORDERED on March 10, 2023

       s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge